[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties, who are parents of an eleven year old child, entered into a stipulated judgment in the Superior Court of New Jersey on February 19, 1998. The order addressed both visitation and child support. The order was the subject of further proceedings in New Jersey. On October 30, 2001, the defendant caused the order to be filed in Connecticut pursuant to Section 46b-70 of the Connecticut General Statutes.
On November 9, 2001, the defendant filed a Rule To Show Cause seeking to modify the child support orders entered by the New Jersey Court. In support of that motion, the defendant appended an order of the New Jersey court which provided that the parties should file all future motions concerning the matter in the Connecticut Superior Court unless this court declines jurisdiction. The plaintiff contends that the order deferring jurisdiction to Connecticut was limited to custody matters, over which Connecticut does assume jurisdiction, but not to child support matters.
The filing of a matrimonial judgment in this state makes the judgment subject to enforcement, satisfaction, and modification in the same manner as a judgment of this court, although in modifications Connecticut is required to apply the substantive law of the state that initiated the judgment. Connecticut General Statutes, Section 46b-71. However, the statutes permitting the registration of foreign judgments must be read "to effectuate their general purpose to make uniform the laws of those states which enact them." Connecticut General Statutes, Section 46b-75.
Both Connecticut and New Jersey have adopted the Uniform Reciprocal Enforcement of Support Act. Under both statutes, the court of the initiating state has continuing, exclusive jurisdiction over a child support order as long as that state remains the residence of the obligor or the parties have consented to have the court of another state assume jurisdiction. Connecticut General Statutes, Section 46b-212h; New JerseyStatutes, Section 2a:4-30.72. The defendant is the obligor and continues to reside in New Jersey. Accordingly, this state does not have jurisdiction to modify the support order of the New Jersey court.
The Rule to Show Cause concerning child support is dismissed, but the court does accept jurisdiction over the matter for purposes of custody and visitation.
So ordered.
BY THE COURT, CT Page 151
GRUENDEL, J.